EXHIBIT "A"

12/8/17

1:30 pm   **SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WESTERN PROGRESSIVE MOTGAGE, LLC., a California limited
liability corporation; (see Additional Parties Attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SUNG HEE PARK, an individual.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC - 6 2017

Sherri R. Carter, Executive Officer/Clerk

By Nancy Alvarez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse | *(Número del Caso):* **BC685986** |

Superior Court of California, Los Angeles, Central District
111 N. Hill St, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Eom; LA Premier Law Group; 3333 Wilshire Blvd. Ste 808, Los Angeles, CA 90010; (213) 568-3256

DATE: 12/6/2017    DEC - 6 2017    Clerk, by _____ , Deputy
*(Fecha)*    *(Secretario)*    NANCY ALVAREZ    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PARK V. THE MORTGAGE LAW FIRM, PLC | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

THE BANK OF NEW YORK MELLON TRUST COMPANY, a national association, formally known as THE BANK OF NEW YORK TRUST COMPANY, a national association as successor to JPMORGAN CHASE BANK, a national association, as trustee for RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-RS2, by OCWEN LOAN SERVICING, LLC.; JUST MORTGAGE, INC.; and DOES 1 through 10, inclusive.

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
John Eom
181774
LA Premier Law Group
3333 Wilshire Blvd. Ste. 808, Los Angeles, CA 90010
TELEPHONE NO.: (213) 568-3256    FAX NO.: (213) 568-3921
ATTORNEY FOR *(Name)*: Sung Hee Park

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Sung Hee Park v. Western Progressive Mortgage, LLC., et. al.

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC – 6 2017

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC 685986 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☑ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action *(specify)*:

5. This case ☐ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/06/17

John Eom
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: PARK V. WESTERN PROGRESSIVE MORTGAGE LLC | CASE NUMBER |
|---|---|
| | BC 6 8 5 9 8 6 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A0070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: PARK V. WESTERN PROGRESSIVE MORTGAGE LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☒ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: PARK V. WESTERN PROGRESSIVE MORTGAGE LLC | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: PARK V. WESTERN PROGRESSIVE MORTGAGE LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>□ 1. ☑ 2. □ 3. □ 4. □ 5. ☑ 6. □ 7. □ 8. □ 9. □ 10. □ 11. | ADDRESS:<br>9760 MUSTANG WAY, SUNLAND, CALIFORNIA 91040 |
|---|---|

| CITY:<br>SUNLAND | STATE:<br>CA | ZIP CODE:<br>91040 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the CENTRAL District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 12/06/17

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

1   JOHN EOM (SBN 181774)
    LA PREMIER LAW GROUP
2   3333 WILSHIRE BLVD, STE. 808
    LOS ANGELES, CA 90010
3   T: (213) 568-3256
    F: (213) 334-4144
4

5   Attorney for Plaintiff
    SUNG HEE PARK
6

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC - 6 2017

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

7               SUPERIOR COURT OF STATE OF CALIFORNIA

8               COUNTY OF LOS ANGELES – CENTRAL DISTRICT

9

10  SUNG HEE PARK, an individual,

11                                              ) CASE NO.   BC 685986
                                                )
12         Plaintiff,                           ) COMPLAINT FOR:
                                                )
13  vs.                                         ) 1.  NEGLIGENCE.
                                                ) 2.  UNFAIR AND DECEPTIVE
14  WESTERN PROGRESSIVE MORTGAGE               )     PRACTICES IN THE FORECLOSURE
    LLC., a California limited liability corporation; ) PROCESS.
15  THE BANK OF NEW YORK MELLON                ) 3.  VIOLATION OF CIVIL CODE
    TRUST COMPANY, a national association,      )     §2923.55.
16  formally known as THE BANK OF NEW          ) 4.  VIOLATION OF BUSINESS AND
    YORK TRUST COMPANY, a national             )     PROFESSIONS CODE §17200.
17  association as successor to JPMORGAN       ) 5.  QUIET TITLE.
    CHASE BANK, a national association, as      ) 6.  DECLARATORY RELIEF.
18  trustee for RESIDENTIAL ASSET              ) 7.  INJUNCTIVE RELIEF.
    MORTGAGE PRODUCTS, INC.,                    )
19  MORTGAGE ASSET-BACKED PASS-                )     ["DEMAND FOR JURY TRIAL"]
    THROUGH CERTIFICATES, SERIES 2006-         )     [Unlimited Jurisdiction"]
20  RS2, by OCWEN LOAN SERVICING, LLC.;        )
    JUST MORTGAGE, INC.; and DOES 1            ) Action Filed:
21  through 10, inclusive,                      )
                                                )
22         Defendants.                          )
                                                )
23                                              )

24
25
26
27
28

                            1
                       COMPLAINT

COMES NOW the Plaintiff, SUNG HEE PARK ("Plaintiff") an individual, who complains and alleges against the Defendants named below, and DOES 1 through 10 inclusive in this Complaint to Enjoin Foreclosure Sale, as follows:

## PARTIES & SUBJECT PROPERTY

Plaintiff is now and at all times relevant to this complaint, has been the owner of the real property and residence commonly known as 9760 MUSTANG WAY, SUNLAND, CALIFORNIA 91040 ("Subject Property"), bearing the abbreviated legal description as follows:

    a.  Lot 2, of Tract No. 35090, in the city of Sunland, County of Los Angeles, State of California, as per map recorded in Book 1037 Page(s) 25 and 28 inclusive of Miscellaneous Maps, in the Office of the Country Recorder of said County.

[APN: 2549-025-028]

1.    At all times relevant herein, Defendant WESTERN PROGRESSIVE MORTGAGE LLC. ("WPM"), a California limited liability company, was and continues to be a business entity registered to conduct business in California, and was acting as the foreclosure trustee for the mortgage loan secured by the Subject Property.

2.    At all times relevant herein, Defendant THE BANK OF NEW YORK MELLON TRUST COMPANY ("BNYM"), formally known as THE BANK OF NEW YORK TRUST COMPANY, a national association as successor to JPMORGAN CHASE BANK, a national association, as trustee for RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC.,

MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-RS2, by OCWEN LOAN SERVICING, LLC.; JUST MORTGAGE, INC., is or was at all times relevant herein acting as a National Association (Financial Association) doing business in California, and is believed to be licensed to do business in the State of California, authorized to engage in, and at all times mentioned in this Complaint engaged in Mortgages, Securities, Trust Deeds and Notes, and other types of Trust business as Trustee to the Lenders, Beneficiaries, Financial organizations and/or maintained other official positions currently unknown to Plaintiff at this time.

3.      At all times relevant herein, Defendant JUST MORTGAGE, INC. ("JM"), a national association doing business in California, is licensed to do business in the state of California, is authorized to engage in, and at all relevant times herein engaged in banking and lending businesses.

4.      Plaintiff does not know the true names and capacities of the defendants, DOES 1 through 10, inclusive, and will amend this Complaint to state their true names and capacities when they have been ascertained.

5.      Upon information and belief, Plaintiff alleges that each Defendant, both named and designated as a DOE, was an agent, partner, or successor of each other Defendant, and, in doing the things hereinafter alleged, was acting within the scope and purpose of such agency or partnership with full knowledge of the facts and with the ratification and approval of each other Defendant.

## FACTUAL ALLEGATIONS

6.      Plaintiff lives at the Subject Property along with the rest of her immediate family. The Subject Property has been their primary residence during all relevant times herein.

---

3
COMPLAINT

7.     At all times relevant hereto, defendants and each of them, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

8.     On or about December 22, 2005, following JM's direction, Plaintiff met with a notary public, who presented her with a stack of "loan documents." The notary public rushed her through the signing process without allowing Plaintiff an opportunity to examine or ask questions about the documents he was signing. Plaintiff entered into a consumer credit transaction (hereinafter "the Transaction") with defendants in which the extended consumer credit was subject to a finance charge and which was initially payable to defendants.

9.     The total signing time took approximately 15 minutes.

10.     When the signing process was done, the notary public handed her a stack of documents and represented to Plaintiff that said stack is an identical copy of the documents he had just signed (the "Loan Documents").

11.     As part of this consumer credit transaction, JM retained a security interest in the Subject Property.

12.     The security interest was not created to finance the acquisition or initial construction of Plaintiff's home.

13.     Plaintiff asserts that her loan is and/or was a HUD loan and he is therefore afforded the additional protections in under the California Homeowner's Bill of Rights, commonly referred to as "CHBOR", Civil Code §2923 et seq.

14.     Defendants claim that they gave the Plaintiff their best efforts and attempts to inform the Plaintiff of her rights to seek a loan modification, but failed to make any real or

affirmative contact with the Plaintiff and therefore Plaintiff alleges that the Defendant

Lenders/Beneficiaries and their employees failed and refused to fully inform Plaintiff of her

rights to contact a HUD and/or other agency (such as Keep Your Home California) or any other

resource to assist the Plaintiff before starting the foreclosure and Trustee Sale Procedures.

15.     Plaintiff further asserts herein that he submitted a Qualified Written Request to

Defendants, and they failed and/or refused to appropriately honor the written request.

Defendants are required to tender a copy of the loan contract, assignment of notes to prove

chain of secured note transfers, as well as, but not limited to all other documents involved in the

mortgage loan process, the foreclosure notice process, and the trustee sale notice process.  The

Defendants, and each of them is required to tender a copy of the loan contract ("Contract"), all

lending documents, disclosures, taxes, escrow impound accounting and statements, interest

rates, trustee and/or beneficiary assignments and transfers, and all documents pursuant to Civil

Code §2923.55 et seq. (all other "large financial institution lender requirements) under CHBOR.

Defendants , their agents and employees had/have a statutory duty to tender the documents, and

all other documents executed and used by the Defendants in the Mortgage Loan process, the

Foreclosure Notice Process, The Notice to Homeowners of Alternatives to Foreclosure, and the

Notice and Processes of the Trustee Sale in connection with the subject property and the

mortgages secured by the subject property, and they the Defendants, and each of them refused

and/or failed to act according to their duty and requirements by law.

16.     Plaintiff at all relevant times herein attempted in "Good Faith and Fair Dealing"

to ascertain and then tender, if any, mortgage payments when due, or any mortgage payment

arrears, late fees (if any) or any alleged delinquent payments to the Defendant

Banks/Beneficiaries, even when their agents and employees would either refuse the payments,

or instruct the Plaintiff to hold on to those payments while they were allegedly working on a Loan Modification that would reduce the amount of interest and/or principal thereby constructively lowering the monthly payment due, or at other times the Defendants and/or their agents and employees would negligently and/or intentionally mislead the Plaintiff into sending payments and then claiming that they had not received the payments or illegally rejected the payments and/or the loan modification paperwork submitted by the Plaintiff.

17.     Instead of adhering to the duty and/or the regulations as alleged above, the Defendants, each of them, their employees and agents, wrongfully and illegally proceeded with a Foreclosure, and instead of the Plaintiff receiving the required documents requested in the Qualified Written Request and/or the proper Pre-Foreclosure Borrower assistance information, Plaintiff received a NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST ("ND") bearing the recording date of August 29, 2008. The ND indicated that ETS Services, LLC ("ETS") was foreclosing on the deed of trust to the Subject Property. ETS is not named in the original Note.  Attached hereto as Exhibit 1 is a true and correct copy of "ND". The most recent ND was recorded on May 19, 2017 by the trustee, WPM. WPM was also not named in the original Note. Attached hereto as Exhibit 2 is a true and correct copy of the recent ND.

18.     The ND contained the following boilerplate language:

"the mortgage servicer has exercised due diligence to contact borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied."

19.     However, Plaintiff did not receive any indication that attempts were for contact. Additionally, this boilerplate affidavit consists of legal conclusions and does not constitute a competent declaration as required by Civil Code 2923.5, because it is vague, uncertain, hearsay, and lacks specificity.

20.     In response, on October 28, 2008, Plaintiff caused to be mailed a Notice of Cancellation of the loan to Defendants.  Defendants rejected Plaintiff's cancellation, and continued to foreclose on the Subject Property.

21.     On or about February 22, 2010, Plaintiff received another letter in the mail from ETS constituting a "NOTICE OF TRUSTEE SALE" ("NTS"). Attached hereto as Exhibit 3 is a true and correct copy of NTS. Plaintiff received the most recent NTS on or about August 24, 2017. Attached hereto as Exhibit 4 is a true and correct copy of the most recent NTS.

22.     The sale date of the Subject Property is presently set for December 19, 2017.

23.     Defendants' actions have caused Plaintiff emotional distress, including but not limited to loss of appetite, frustration, fear, anger, helplessness, nervousness, sleeplessness, worry, sadness, and depression.

## FIRST CAUSE OF ACTION

### (Negligence)

24.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

25.     The loan modification process was intended to affect the Plaintiff because the outcome of the loan modification would help to determine whether or not Plaintiff would be able to prevent the foreclosure of her property.

26.     As explained above, the Plaintiff sought homeowner assistance from Defendant Banks/Beneficiary(s) and/or their/its agents and legal representatives, and/or the other

Defendants as named herein, and her request for said assistance led ultimately to her detrimental reliance, on the Defendants, each of them, who Plaintiff alleges intentionally misled her and misrepresented the process to her, which ultimately led excessive late fees and delinquencies, the refusal of money/payments he tendered and/or offered to tender, which then led to the alleged default and the pending (likely) loss of the Subject Property. The Plaintiff alleges her loan modification application was received and in "full review" when the Defendants, each of them continued to press foreclosure proceedings.

27.    Regarding the alternative to foreclosure or loan settlement or mortgage modification application, this was done without providing the Plaintiff the full opportunity to cure any such deficiencies, and assisting her in keeping her loan modification application on track. Instead, the tact of Defendants is to foreclose and eventually sell her home.

28.    It was (and is) foreseeable that failure to process the Plaintiff's loan modification in a reasonable manner, especially the refusal to accept payments tendered and/or offered, and the lack of timeliness, would harm the Plaintiff because it increased the likelihood he would default on the loan, her home would be foreclosed, the arrearages owed and penalties, fees and interest charged escalated, and she would suffer credit damage. Though there was no guarantee a modification would be granted had it been properly processed, the alleged mishandling of the documents deprived the Plaintiff of the possibility of obtaining the requested assistance.

29.    The injury to the Plaintiff is certain in that he lost the opportunity of obtaining a loan modification, principal reduction and the foreclosure of her property is now imminent.

30.    There is a close connection between the misconduct alleged in processing Plaintiff's loan modification, and principal reduction request and the injury suffered because of

the failure of Defendants, each of them, to apply consistent methods in offering and reviewing loan modifications, and principal reductions resulting in consistent delays and ultimate denial.

31.　　The Plaintiff argues that there exists a public policy aimed at preventing future harm to borrowers (see e.g., *California Civil Code* §2923.6 (encouraging lenders to offer loan modifications to borrowers to mitigate the home foreclosure process)).

32.　　The Defendants' involvement throughout the loan modification process exceeded that of its conventional role. The Plaintiff alleges, and asserts that the Defendants, each of them, undertook the activity of processing Plaintiff's loan modification application and failed to properly do so. The Defendants have a duty to process the Plaintiff's modification application adequately and properly. The Defendants, each of them, their/its agents and employees, gross negligently processed the application, made misrepresentations that a prudent person would not have made. The Defendants, each of them, knew or should have known that diligence and accuracy was required, and that they had/have a duty to make all State of California loan modification options available to the Plaintiff. The Plaintiff alleges and asserts the Defendants breached their duty by neither adequately processing Plaintiff's loan modification application(s) and/or failing in making federally and/or State mandated modification options available to the Plaintiff.

33.　　As a proximate result of Defendants', each of them, their/its agents, employees and representative's actions stated herein, the Plaintiff has suffered damage, loss, and emotional distress in trying to work with Defendants, each of them, over the past several months and years and on in attempt to save her home, has suffered and continues to suffer, credit damage, and loss of equity in the Subject Property, all in an amount, or amounts to be proven at trial.

34.    The Plaintiff is entitled to such relief as is set forth in this cause of action, and such further relief as is set forth below in the section captioned "Prayer for Relief" which is by this reference incorporated herein.

## SECOND CAUSE OF ACTION

### (Unfair and Deceptive Practices In the Foreclosure Process)

35.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

36.    In contrast to their illusory compliance with Pre-Foreclosure and Foreclosure Notice, Loan Modification and principal reduction programs, Defendants, and each of them, in the course of their conduct, management and were/are responsible for the oversight of the foreclosure of Plaintiff's home.  Instead of adhering to the requirements for preservation of the Homeowner's rights to her home, instead the defendants, and each of them, have been aggressive in seeking to foreclose on the very loan they setup to default, throughout which they have violated multiple foreclosure requirements and engaged in unfair and deceptive practices.

37.    As explained above, Plaintiff sought assistance from Defendant Banks/Beneficiaries and/or their/its legal agents, employees and representatives, and the other named and unnamed Defendants, as well as, including those DOE Defendants.  The Plaintiff alleges that the loan modification and/or principal reduction application was received and in review when Defendants began foreclosure proceedings.  This was done without providing prior notice to Plaintiff that her application was somehow deficient, and for which a denial was warranted.  This was done without providing the Plaintiff the opportunity to cure any such deficiency, so as to keep her application on track.  Instead, Defendants began to foreclose in attempt to sell her home.

38.    The Defendants' related unfair and deceptive practices were evidenced by:

a.  charging improper fees related to foreclosure;

b.  preparing, executing, notarizing or presenting false and misleading documents (including, but not limited to, affidavits, declarations, certifications, substitutions of trustees, and assignments);

c.  misrepresenting the identity, office, or legal status of the affiant executing foreclosure-related documents; and

d.  inappropriately dual-tracking foreclosure and loan modification activities and failing to communicate with Plaintiff with respect to the foreclosure activities.

e.  By threatening to foreclose and taking affirmative action to foreclose, without giving timely and proper notice to Plaintiff, the Defendants were and are in violation of California law and public policy.

39.   Plaintiff has been damaged through the illegal charging and/or adding on of late fees, interest, and/or refusal to accept tendered payments to lower and/or eliminate the charging of improper fees and charges, unreasonable delays and expenses to obtain loss mitigation relief, improper denial of loss mitigation relief, and any foreclosure proceeding against her home due to the improper and unlawful proceedings, lack of proper notice, if any notice at all and/or the allegations that the Defendants attempted to notify the Plaintiff when in fact they had not done so.

40. Plaintiff is entitled to such relief as is set forth in this Cause of Action, in excess of $75,000 and such further relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

**THIRD CAUSE OF ACTION**

11
COMPLAINT

**(Violation of California Civil Code §2923.55)**

41.     Plaintiff is informed and believes, and thereupon alleges, that Defendants plan to imminently conduct a Trustee's sale of the Subject Property.

42.     As described above, Defendants violated California Civil Code §2923.55 by failing to properly, sufficiently, and in a factually detailed manner a declaration as required.

43.     Instead, this boilerplate affidavit consists of legal conclusions and does not constitute a competent declaration as required by Civil Code 2923.55, because it is vague, uncertain, hearsay, and lacks specificity.

44.     As required by the Civil Code, Plaintiff did not receive information, in writing, regarding options to avoid foreclosure. Plaintiff also did not receive a phone call to discuss options as it is described in the affidavit.

45.     Defendants' violation of Civil Code §2923.55 voids the present foreclosure proceedings.  Yet, Defendants continue to pursue a foreclosure sale.

46.     As an approximate result of Defendants' violation, Plaintiff has been injured and damaged.

47.     Plaintiff claims all damages allowable under law as a result thereof.

## FOURTH CAUSE OF ACTION

### (Violations of the Cal. Bus. & Prof. Code §§ 17200 et seq.)

48.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

49.     California Business & Professions Code § 17200 prohibits unfair competition, which includes "any unlawful, unfair or fraudulent business act or practice." Defendants have engaged in "unlawful", unfair, or fraudulent business acts and practices by engaging in the acts and practices described herein.

50.     In taking the actions they took as herein above alleged, each of the defendants acted as an aider and abettor of and conspirator with each of the other defendants in committing the unfair, deceptive, and illegal business practices alleged.

51.     As a result of defendants' unfair, deceptive and illegal business practices, Plaintiff has suffered monetary injured and has suffered actual monetary loss in an amount in excess of $1.00.

52.     By reason of the above, Plaintiff is entitled to the remedies provided by Cal. Bus. & Prof. Code § 17203.

53.     Plaintiff is further entitled to an award of reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5.

## FIFTH CAUSE OF ACTION

### (Quiet Title)

54.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

55.     Plaintiff is informed and believes and thereon alleges that Defendants claim an interest adverse in Plaintiff's Subject Property in the form of a trust deed, and Plaintiff is seeking to quiet title against any claims of Defendants or any alleged assignees or transferees under such trust deed.

56.     Plaintiff seeks to quiet title as of December 22, 2005, the date of consummation of the transaction.

## SIXTH CAUSE OF ACTION

### (Declaratory Relief)

57.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

58.   An actual controversy has arisen and now exists between Plaintiff and the defendants as to whether the Defendants are holder in due course, whether the security instrument securing the underlying note is void as defective, and whether the foreclosure proceeding is invalid as not providing mandatory notice pursuant to Civil Code §2923.55(c).

59.   Plaintiff contends that by operation of law, Defendants are not the holder in due course of the underlying note, and that the deed of trust is void.

60.   Further, Plaintiff contends that defendants have failed to comply with the requirements of Civil Code section 2923.55(c), despite the attachment to the Notice of Trustee's sale of boilerplate declaration vaguely alleging compliance.

61.   Based upon the present existence of the aforementioned controversy, a judicial declaration as to the rights and obligations of the parties hereto is now necessary and appropriate.

## SEVENTH CAUSE OF ACTION

### (Injunctive Relief)

62.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

63.   The Trustee's Sale is now scheduled for December 19, 2017.

64.   Unless enjoined from further transferring the Subject Property to third party buyers or transferees, Plaintiff may be forever unable to recover possession of the Subject Property.

65.   Given the inherent uniqueness of real estate, Plaintiff would suffer irreparable harm as a direct and proximate result if further transfer of the Subject Property is not enjoined by this Court; it would be impossible for Plaintiff to adequately calculate the harm suffered as a result of the loss of ownership of the land.

66.     Irreparable harm to Plaintiff will be avoided only if the Court enjoins further transfer of the Subject Property.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

A. For actual damages according to proof;

B. For compensatory damages as permitted by law;

C. For consequential damages as permitted by law;

D. For statutory damages as permitted by law;

E. For punitive damages as permitted by law;

F. For rescission;

G. For equitable relief, including restitution;

H. For restitutionary disgorgement of all profits Defendants obtained as a result of their unfair competition;

I. For interest as permitted by law;

J. For Declaratory Relief;

K. For reasonable attorneys' fees and costs; and

L. For such other relief as is just and proper.

Dated: December 6, 2017

By: _____

John Eom
Attorney for Plaintiff
SUNG HEE PARK

# EXHIBIT 1

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.



**This page is part of your document - DO NOT DISCARD**

 **20081564660** Pages: 003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**08/29/08 AT 08:00AM**

Fee: 13.00
Tax: 0.00
Other: 0.00
Total: 13.00

**Title Company**

**TITLE(S) :**



L E A D     S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**          **Number of AIN's Shown**

 ENR11          **THIS FORM IS NOT TO BE DUPLICATED**


Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved

2

**RECORDING REQUESTED BY:**

08/28/08

20081564660

**LSI TITLE AGENCY - FIS DEFAULT**

**WHEN RECORDED MAIL TO:**
ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No. : GM-163365-C      Loan No.:▮▮▮▮▮▮

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$13,421.34** as of **8/27/2008**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise, or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact,
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**
C/O ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120
(818) 260-1600 phone

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

3

TS NO.: M-163365-C          LOAN NO.: ▮▮▮▮▮

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN· That **Executive Trustee Services, LLC dba ETS Services, LLC** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **12/22/2005** , executed by **SUNG HEE PARK, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY**, as Trustor, to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, as beneficiary, recorded **12/28/2005**, as Instrument No. 05 3196905, in Book , Page ,  of Official Records in the Office of the Recorder of  **Los Angeles** County, California describing land therein as:

AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST

including **ONE NOTE FOR THE ORIGINAL** sum of **$610,400.00** ; that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in,  the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Installment of Principal and Interest plus impounds and/or advances which became due on 6/1/2008 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: 8/27/2008

ETS Services, LLC AS AGENT FOR
BENEFICIARY

BY:

Karen Moise
TRUSTEE SALE OFFICER

# EXHIBIT 2

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003. All rights reserved.



## This page is part of your document - DO NOT DISCARD



**20170555627**



**Pages:**
**0005**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**05/19/17 AT 08:00AM**

| | |
|---|---|
| FEES: | 34.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 34.00 |



**L E A D S H E E T**



201705190170004

00013737011



008339196

**SEQ:**
**01**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**

TSG1507-CA-2016182_6fea

E441008

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

TS No.: 2016-03872-CA

RECORDING REQUESTED BY:
Premium Title of California

WHEN RECORDED MAIL TO:
Western Progressive, LLC
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400, Suite 200
Atlanta, GA 30328

TS No.: 2016-03872-CA

APN No.:2549-025-028

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $ 54,404.87 as of 06/11/2017, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Version 1.1 CA NOD 0417

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

TS No.: 2016-03872-CA

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
# DEED OF TRUST

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-RS2, By Ocwen Loan Servicing, LLC, its attorney in-fact

C/O Western Progressive, LLC
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400, Suite 200
Atlanta, GA 30328
Servicer Phone: 877-596-8580

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

**Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That Western Progressive, LLC is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 12/22/2005, executed by, Sung Hee Park, A Married Woman as her sole and separate property, as Trustor, to secure certain obligations in favor of JUST MORTGAGE, INC., AS LENDER, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS BENEFICIARY ., recorded 12/28/2005 , as Instrument No. 05 3196905 , in Book ---, Page ---And further modified by that certain Loan modification agreement recorded on 11/19/2009 as instrument number 20091754026 , of Official Records in the Office of the Recorder of Los Angeles County, California describing land therein as: As more particularly described on said Deed of Trust.

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

TS No.: 2016-03872-CA

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
# DEED OF TRUST

Street Address or other common designation of real property:

9760 Mustang Way, Sunland, CA 91040

The subject obligation includes ONE NOTE(S) FOR THE ORIGINAL sum of $ 610,400.00. A breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:

Installment of Principal and Interest plus impounds and/or advances which became due on 02/01/2016 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.

You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.

Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.

Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents.

That by reason thereof, the present beneficiary under such deed of trust, has delivered to said duly appointed Trustee, a written request to commence foreclosure, and has deposited with said duly appointed Trustee, a copy of the deed of trust and other documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

2. The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

See attached Declaration pursuant to Civil Code section 2923.5 or 2923.55.

Dated: May 16, 2017

Western Progressive, LLC, as Trustee for beneficiary

C.Scott Trustee Sale Assistant

**WESTERN PROGRESSIVE, LLC MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

Documents provided by DataTree LLC via it's proprietary imaging and delivery system  Copyright 2003, All rights reserved

## California Declaration of Compliance
### (Civ. Code § 2923.55(c))

Borrower(s):  Sung Hee Park
Loan No.:  ███████

The undersigned declares as follows:

I am employed by the undersigned mortgage servicer, and I have reviewed its business records for the borrower's loan, including the borrower's loan status and loan information, to substantiate the borrower's present loan default and the right to foreclose. The information set forth herein is accurate, complete and supported by competent and reliable evidence that I have reviewed in the mortgage servicer's business records. Those records reflect *one* of the following.

☐    The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55.  Thirty days, or more, have passed since the initial contact was made.

☑    The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

☐    The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the individual does not meet the definition of a "borrower" under Civil Code §2920.5(c).

☐    The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the above-referenced loan is not secured by a first lien mortgage or deed of trust that secures a loan on "owner-occupied" residential real property as defined by California Civil Code § 2924.15(a)

Signed and Dated:

By: Ocwen Loan Servicing, LLC, as Servicer for The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-RS2

Angel Ramos
_____
Print Name   Contract Management Coordinator

C. Ramos                5/10/16
_____
Signature              Date

24110

# EXHIBIT 3

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved

**This page is part of your document - DO NOT DISCARD**



# 20100234756



**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**02/22/10 AT 08:00AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



**L E A D S H E E T**



201002220120009

00001956337



002549657

**SEQ:**
**13**

**DAR - Title Company (Hard Copy)**

**THIS FORM IS NOT TO BE DUPLICATED**

t35

E4H711

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

RECORDING REQUESTED BY
ETS Services, LLC



02/22/2010

*20100234756*

AND WHEN RECORDED MAIL TO:
ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

T.S. No. GM-229269-C
Loan No. ▮▮▮▮▮▮▮▮

09070 4762  **NOTICE OF TRUSTEE'S SALE**

SPACE ABOVE THIS LINE FOR RECORDER'S Use

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 12/22/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state, will be held by the duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to satisfy the obligation secured by said Deed of Trust. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.

TRUSTOR:SUNG HEE PARK, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY
Recorded 12/28/2005 as Instrument No. 05 3196905 in Book , page  of
 Official Records in the office of the Recorder of **Los Angeles** County, California,
Date of Sale:3/19/2010 at 10:30 AM
Place of Sale:   At the west side of the Los Angeles County Courthouse,   directly facing
                 Norwalk Blvd., 12720 Norwalk Blvd., Norwalk, California
Property Address is purported to be:   9760 MUSTANG WAY
                                        SUNLAND, California 91040

APN #:  2549-025-028

The total amount secured by said instrument as of the time of initial publication of this notice is **$668,408.00**, which includes the total amount of the unpaid balance (including accrued and unpaid interest) and reasonable estimated costs, expenses, and advances at the time of initial publication of this notice.

Pursuant to California Civil Code §2923.54 the undersigned, on behalf of the beneficiary, loan servicer or authorized agent, declares as follows:

[ 1 ] The mortgage loan servicer has obtained from the commissioner a final or temporary order of exemption pursuant to Section 2923.53 that is current and valid on the date the notice of sale is filed;
[ 2 ] The timeframe for giving notice of sale specified in subdivision (a) of Section 2923.52 does not apply pursuant to Section 2923.52 or 2923.55.

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003. All rights reserved.

T.S. No. GM-229269-C
Loan No. ████████

Date: 2/18/2010

ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120
Sale Line: 714-730-2727

Sunil Jayasinha, TRUSTEE SALE OFFICER

EXHIBIT 4

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.



## This page is part of your document - DO NOT DISCARD

# 20170962914





**Pages:**
**0004**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**08/24/17 AT 08:00AM**

| | |
|---|---|
| FEES: | 31.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 31.00 |



**L E A D S H E E T**



201708240260044

00014149072

008545258

**SEQ:**
**01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

TSG1507-CA-2018782_aab6

E53401S

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

TS No.: 2016-03872-CA

RECORDING REQUESTED BY
**Premium Title of California**

AND WHEN RECORDED MAIL TO:
**Western Progressive, LLC**
**Northpark Town Center**
**1000 Abernathy Rd. NE; Bldg. 400, Suite 200**
**Atlanta, GA 30328**

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: 2016-03872-CA                A.P.N.:2549-025-028
Property Address: 9760 Mustang Way, Sunland, CA 91040

## NOTICE OF TRUSTEE'S SALE

**PURSUANT TO CIVIL CODE § 2923.3(a) and (d), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要
참고사항 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý KÈM THEO ĐÂY LA BẢN TRÍNH BÀY TOM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IMPORTANT NOTICE TO PROPERTY OWNER**
YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 12/22/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

Trustor: **Sung Hee Park, A Married Woman as her sole and separate property**
Duly Appointed Trustee: **Western Progressive, LLC**
Deed of Trust Recorded **12/28/2005** as Instrument No. **05 3196905** in Book ---, Page --- and of Official Records in the office of the Recorder of **Los Angeles County**, California
Date of Sale: **09/27/2017** at **11:00 AM**
Place of Sale:      **BEHIND THE FOUNTAIN LOCATED IN CIVIC CENTER PLAZA, 400 CIVIC CENTER PLAZA, POMONA, CA 91766**

Estimated amount of unpaid balance, reasonably estimated costs and other charges: **$645,456.83**

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

TS No.: 2016-03872-CA

## NOTICE OF TRUSTEE'S SALE

THE TRUSTEE WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, A SAVINGS ASSOCIATION OR SAVINGS BANK SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

All right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described as:

More fully described in said Deed of Trust.

Street Address or other common designation of real property: **9760 Mustang Way, Sunland, CA 91040** A.P.N.: **2549-025-028**

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.

The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is: **$645,456.83**.

**Note:** Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt.

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

The beneficiary of the Deed of Trust has executed and delivered to the undersigned a written request to commence foreclosure, and the undersigned caused a Notice of Default and Election to Sell to be recorded in the county where the real property is located.

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

TS No.: 2016-03872-CA

## NOTICE OF TRUSTEE'S SALE

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on this property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (866)-960-8299 or visit this Internet Web site http://www.altisource.com/MortgageServices/DefaultManagement/TrusteeServices.aspx using the file number assigned to this case 2016-03872-CA. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Western Progressive, LLC, as Trustee for Beneficiary
C/o 1500 Palma Drive, Suite 237
Ventura, CA 93003
Sale Information Line:  (866) 960-8299
http://www.altisource.com/MortgageServices/DefaultManagement/Trus
teeServices.aspx

Date: August 22, 2017          Tanesha Humphrey, Trustee Sale Assistant

WESTERN PROGRESSIVE, LLC MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

Version 1.1 CA NOS 0817

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**
Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT BC 686986

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Debre K. Weintraub | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| | Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Howard L. Halm | 53 | 513 | |
| | Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 | |
| | Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| | Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Monica Bachner | 71 | 729 | |
| | Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| | Hon. Elizabeth Feffer | 39 | 415 | | Hon. Michelle Williams Court | 74 | 735 | |
| | Hon. David Sotelo | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | Hon. Steven J. Kleifield | 324 | CCW | |
| | Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 308 | CCW | |
| | Hon. Randolph Hammock | 47 | 507 | | | | | |

#### *Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev.12/16)
LASC Approved 05-06

**– NOTICE OF CASE ASSIGNMENT –**
**UNLIMITED CIVIL CASE**

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):       FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.